UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:05-CR-298-1-F

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.    ) | ORDER |
| ) | |
| STEVEN GREGORY RICHARDSON, ) | |
| Defendant.   ) | |

Steven Gregory Richardson was convicted in 2006 of possession of a firearm by a convicted felon, pursuant to 18 U.S.C. § 922(g) and § 924(e). On August 10, 2006, Richardson was sentenced to a term of 180 months imprisonment by virtue of his armed career criminal status. Richardson's prior convictions included three breaking or entering convictions in North Carolina state court.

As the Fourth Circuit Court of Appeals noted in its unpublished opinion affirming this court's Judgment, Richardson did not dispute in the district court the fact of his prior convictions or the sentences he received [nor did he] object to the accuracy of the source material in the presentence reports." *United States v. Richardson*, No. 06-4872, slip op. at 2 (4th Cir. Aug. 23, 2007) [DE-27]. The appellate court noted that the Presentence Report indicated the several breaking or entering prior offenses "occurred on different dates, in different geographical locations, and involved different criminal objectives and victims." *Id.* Accordingly, this court properly relied on Richardson's presentence report applying the armed career criminal enhancement. *See id.* Additionally, the appellate court approved this court's use of the prior convictions as

ACCA predicates because "this Court has previously determined that a violation of [N.C. GEN. STAT.] § 14-54 constitutes a violent felony for ACCA purposes." *Id.* Finally, the Fourth Circuit rejected Richardson's argument that *Blakely v. Washington*, 542 U.S. 296 (2004) required that the Government allege the prior convictions in the indictment and prove them to a jury beyond a reasonable doubt, citing *United States v. Cheek*, 415 F.3d 349, 352-54 (4th Cir. 2005). Richardson's motions for collateral relief were denied, and the Fourth Circuit Court of Appeals affirmed. *See* Orders [DE-32], [DE-35]; Opinion [DE-45].

On June 4, 2012, Richardson filed the instant motion [DE-48] entitled, "UNDER 28 U.S.C.A. § 1651(a) MOTION FOR WRIT OF CORAM NOBIS ON CONSTITUTIONAL AND EQUAL PROTECTION RIGHTS TO DISMISS THE DEFECTS INDICTMENT FOR WRONGFULLY UNCONSTITUTIONAL OBTAINED EVIDENCE FOR ENHANCEMENT." He attached to his motion a copy of the article Laurie L. Levenson, *Supreme Court's Rulings on Ineffective Assistance at Plea Bargaining Stage Call for New Efforts by Not Only Defense Counsel but Also Prosecutors and Judges*, 91 CRIM. L.R. 4, pp. 139-42 (2012), which discusses the Supreme Court's rulings this term in *Lafler v. Cooper*, ___ U.S. ___, 132 S. Ct. 1376 (2012); and *Missouri v. Frye*, ___ U.S. ___, 132 S. Ct. 1399 (2012), each concerning counsel's duties to advise and communicate with clients concerning any plea agreements offered by the Government prior to arraignment. Richardson's nine-page typewritten motion contains a plethora of case cites and quotations, but the court is unable to determine how he contends they apply so as to entitle him to relief.

2

As noted, Richardson previously has had collateral relief denied pursuant to 28 U.S.C. § 2255, so that a successive motion thereunder would require authorization from the Fourth Circuit Court of Appeals. *See* § 2255(h). It presumably is for that reason that Richardson labels the instant motion as one seeking a writ of error *coram nobis* pursuant to 28 U.S.C. § 1651(a) ("the All Writs Act"). However, the Fourth Circuit Court of Appeals has recognized that the extraordinary writ of error *coram nobis* is available only when a petitioner is not in custody. *See, e.g., In re Daniels*, 203 Fed. App'x 442, 443 (4th Cir. 2006); *see also United States v. Brown*, No. 3:92CR270, 2011 WL 3501879 (W.D.N.C. Aug. 10, 2011). Richardson's return address is a federal correctional institution, and nothing in his motion indicates he no longer is serving the federal sentence for the conviction he is challenging.

Nor will the writ lie where there is another adequate remedy available. *See In re Egan*, 339 Fed. App'x 314, 314 (4th Cir. 2009). If Richardson is seeking relief from the instant federal conviction or sentence, he may apply for a certificate of authorization from the Fourth Circuit Court of Appeals to file a successive § 2255 petition in this court. *See* 28 U.S.C. § 2255(h).

SO ORDERED.

This, the 22nd day of June, 2012.

*[signature]*
JAMES C. FOX
Senior United States District Judge