IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:05-CR-298-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| STEVEN GREGORY RICHARDSON | ) | |

This cause comes before the Court on defendant's motion for recommendation for twelve months resident reentry center. [DE 51]. For the reasons that follow, defendant's motion is denied.

## BACKGROUND

Defendant, Richardson, is currently serving a sentence of 180 months' imprisonment following his plea of guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924. [DE 22].[1] Richardson filed the instant motion on October 10, 2017, requesting that the Court make a recommendation to the Bureau of Prisons that defendant be permitted to serve at least twelve months in a residential reentry center prior to the expiration of his active sentence. Richardson relies on the Second Chance Act, 18 U.S.C. § 3624(c)(1), as the basis of his motion.

## DISCUSSION

The Second Chance Act does not empower the court to reduce sentences or change the location of where a sentence is to be served. That authority remains vested in the Bureau of Prisons. The Second Chance Act expands the authority of the Bureau of Prisons to allow a prisoner serving a sentence of incarceration to spend up to twelve months in a half-way house so as to ease the transition from prison to freedom. Thus, the Second Chance Act grants expanded authority to the Bureau of Prisons regarding half-way house service, but does not vest the authority in this court.

---

[1] This matter was reassigned to the undersigned for further proceedings on October 10, 2017.

*United States v. Squire*, No. CR 3:09-502-JFA, 2012 WL 3848364, at *1 (D.S.C. Sept. 5, 2012). Accordingly, as Richardson recognizes in his motion, the Court is without the authority to require the Bureau of Prisons to allow Richardson to serve twelve months in a residential reentry center or half-way house, and the Court declines to make a recommendation to the Bureau of Prisons regarding Richardson's placement. *See United States v. Shroyer*, No. 2:17CR00003, 2017 WL 4684192, at *1 (W.D. Va. Oct. 18, 2017).

## CONCLUSION

For the foregoing reasons, defendant's motion for recommendation [DE 51] is DENIED.

SO ORDERED, this 25 day of January 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE